EDGAR P. HANEY AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3486.    Promulgated January 10, 1927.

1. Payments of $3,065.30 and $1,066.96, received by the petitioner, Edgar P. Haney, in the years 1919 and 1920, respectively, were not salary.

2. *Held,* that the amount of $10,000 was erroneously included in gross income.

3. The determination of the Commissioner in all other respects is approved because of insufficient evidence to support the petitioners' contentions.

*Don T. Haynes, Esq.,* and *Clinton E. Smith, C. P. A.,* for the petitioners.

*Robert A. Littleton, Esq.,* for the respondent.

This is a proceeding for the redetermination of deficiencies in income tax for the calendar years 1919 to 1921, inclusive, in the total amount of $2,778.15. A deficiency of $1,400.03 was determined against the petitioner, Edgar P. Haney, and a deficiency of $1,378.12 against his wife, Maude Haney. The entire deficiency is in dispute. The controversy arises over:

(1) The sum of $3,065.30, which the Commissioner included in the petitioners' income for 1919 as salary received by Edgar P. Haney from the Burkburnett Home Oil Co., and the sum of $1,066.96 similarly included in income for 1920.

(2) The sum of $7,000 which the Commissioner charged to the petitioners in 1919 as profit from the sale of a newspaper.

(3) The sum of $11,816.92 and the sum of $9,018.55, which were charged to the petitioners in 1919 and 1920, respectively, as income. The amounts were unexplained bank deposits.

(4) The refusal of the Commissioner to allow a loss of $4,000 in 1920, when the petitioners claim that the stock in the Burkburnett Home Oil Co. of this amount held by them became worthless.

## FINDINGS OF FACT.

The petitioners, Edgar P. Haney and Maude Haney, are husband and wife residing at Wichita Falls, Tex. It is conceded that all of the income here involved was income to the marital community. All of the business of the community was carried on by the husband.

Edgar P. Haney was a stockholder in and president of the Burkburnett Home Oil Co. His stock was acquired by purchase at prices ranging from $100 to $150 per share. The total par value of the stock purchased by him was between $4,000 and $5,000. His wife and children were stockholders. The number of shares held by Haney, his wife, or his children, can not be ascertained from the record. In 1920 it was fully ascertained that the properties of the oil company were valueless and the stock of the company became worthless in that year.

Haney, although president, devoted little time to the company. He was paid no salary during the years 1919 and 1920. It was the practice of Haney and another officer of the company to advance money to the company when it lacked funds sufficient to meet its current obligations or make purchases. The amounts so advanced were refunded from time to time as the company was able to pay. The amounts so repaid were treated as payments of salary by the revenue agent and the Commissioner and included in income.

Prior to 1917 a partnership composed of Edgar P. Haney and others owned a newspaper. In 1917 the News Tribune Publishing Co. acquired the newspaper in exchange for its stock of the par value of $20,000. Edgar P. Haney was the principal partner in the partnership and he, with his wife and children, owned practically all the stock of the publishing company. The assets exchanged were worth the par value of the stock issued therefor. At the time of the exchange, stock of the par value of $19,000 was issued to Haney.

In 1919 the assets of the corporation were sold for a total consideration of $40,000. The purchaser, in payment of a part of such consideration, assumed obligations in excess of $20,000 and paid the balance in several cash payments. The first cash payment was in the sum of $10,000 made soon after the contract of sale was made, and the others were made in small amounts over a period of time. After the payments were completed the corporation dissolved and liquidating dividends were paid to Haney and wife in the sum of $17,000. In his computation of gain resulting from the sale, the Commissioner included the $10,000 cash payment as income to the petitioners as moneys paid directly to them.

During the years in question Haney was engaged in the real estate, loan, collection, and stock brokerage business in and around Wichita Falls. In the regular course of his business he collected money belonging to his customers or patrons and deposited it in his own bank account. These amounts he subsequently disbursed. The Commissioner included in income for the years 1919 and 1920, $11,816.92 and $9,018.55, respectively, as unexplained bank balance.

### OPINION.

GREEN: We are satisfied from the evidence that the petitioner was paid no salary by the Burkburnett Oil Co. in 1919 or in 1920 and that the amounts paid to him by that company were reimbursements for expenditures made by him for the company. Such amounts were improperly included in income.

The evidence introduced to establish the loss alleged to have been sustained on the Burkburnett Oil Co. stock is very unsatisfactory and confusing. Undoubtedly a loss was sustained. No records of the cost of this stock were produced at the hearing. Haney testified that he paid at least par for the stock. He likewise testified that he had invested from $4,000 to $5,000 in this acquisition. It also appears that he made gifts of a part of this stock to members of his family. We are thus in the situation of knowing that the petitioner acquired stock without knowing either the cost per share or the total purchase price and that he gave a part of it to members of his family without knowing the number of shares thus disposed of. Under such circumstances we can not determine the loss, if any, to him or his wife, and, therefore, affirm the Commissioner on this point.

The evidence with reference to the sale of the assets of the News Tribune Publishing Co. is equally confusing. The petitioner produced no records to confirm his testimony as to the cost of the assets transferred to the corporation. He testified that it was a partnership but did not state his proportionate interest therein and claims to have advanced some $6,000 to the corporation at some time not disclosed. It appears that his wife and children own some of this stock but the amount of their holdings can not be determined. We can not determine the amount of cash over and above the indebtedness received by the corporation. The only thing established by the evidence is that the $10,000 cash payment which the revenue agent included in the income of the petitioners was not in fact paid to them, and we conclude that the petitioners' income from this transaction should be reduced by the amount of $10,000, it being apparent that this amount was included in the amounts distributed by the cor-

poration in liquidation. We must approve the Commissioner's determination of income from this transaction in all other respects.

The Commissioner added to income substantial amounts which he found to have been deposited by the petitioner in his bank account. A large part of those amounts was money which was received by the petitioner in the course of handling business for others and was not income, but the evidence is wholly insufficient to enable us to determine what amounts should not have been included in income, and we therefore affirm the Commissioner as to this point.

> *Judgment will be entered after 15 days' notice, under Rule 50.*